UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| STEVE T. ARTHUR, M.D., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:18-cv-00116-JMS-MPB |
| | ) | |
| EVANSVILLE ANESTHESIA ASSOCIATES, LLC, | ) ) | |
| SUSAN NESBITT, M.D., LLC, | ) | |
| VICKERS & VICKERS, P.S.C, | ) | |
| GAIL HEPPNER, M.D., LLC, | ) | |
| SUSAN NESBITT, M.D. Individually, | ) | |
| MARK VICKERS, M.D. Individually, | ) | |
| M. HOLLY VICKERS, M.D. Individually, | ) | |
| GAIL HEPPNER, M.D. Individually, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Plaintiff Dr. Steve Arthur filed an "Application for Order to Proceed with Arbitration" in Vanderburgh (Indiana) Circuit Court, which Defendants currently seek to remove to this Court. [Filing No. 1.] Defendants' Notice of Removal states that this Court has subject-matter jurisdiction over this dispute because the claims Dr. Arthur seeks to arbitrate include some arising under federal law—specifically, the Americans with Disabilities Act and the Age Discrimination in Employment Act. [Filing No. 1 at 2.] The Court ordered Defendants to show cause as to why this case should not be remanded to state court, given that the state-court complaint is solely an application for an order to proceed with arbitration, and does not raise any of the causes of action, federal or otherwise, underlying the arbitration itself. [Filing No. 21.] Defendants have filed their Response to the show-cause order. [Filing No. 23.]

"The party asserting federal jurisdiction bears the burden of demonstrating its existence." *Farnik v. F.D.I.C.*, 707 F.3d 717, 721 (7th Cir. 2013). In the removal context, the removing defendant "must demonstrate to a reasonable probability that subject-matter jurisdiction exists." *Schimmer v. Jaguar Cars, Inc.*, 384 F.3d 402, 404 (7th Cir. 2004). Defendants have not met that burden here, for the reasons described below.

In their Response, Defendants assert for the first time that subject-matter jurisdiction in this Court is proper pursuant to the Federal Arbitration Act, 9 U.S.C. § 4 (the "FAA"). They contend that Section 4 of the FAA authorizes a district court to entertain a petition to compel arbitration if the court would otherwise have jurisdiction over a suit arising out of the controversy between the parties. [Filing No. 23 at 2.] They focus their briefing on their contention that Dr. Arthur's underlying claims are, in part, based on federal law, and therefore that jurisdiction lies here.

But as a threshold matter, while Defendants appear to assume that the FAA applies to the arbitration at issue, they do so without pointing to any supporting evidence whatsoever. *See Zell v. Jacoby-Bender, Inc.*, 542 F.2d 34, 37 (7th Cir. 1976) (concluding that district court should make initial determination of whether the FAA applies, given its restricted application). The FAA specifies that a written provision in a contract "evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction…" shall be valid. 9 U.S.C. § 2. Commerce, in turn, is defined as "commerce among the several States or with foreign nations." 9 U.S.C. § 1. Section 4 of the FAA provides that an individual aggrieved by a party's refusal to arbitrate may petition a United States court having jurisdiction to compel arbitration. 9 U.S.C. § 4.

As relevant to the instant case, the key feature of the FAA's scope is its requirement that the contract "evidence a transaction involving" interstate commerce. The state-court demand for arbitration involves alleged breaches of an Operating Agreement that Dr. Arthur entered into with Defendant Evansville Anesthesia Associates, LLC, an Indiana Limited Liability Company.[1] [Filing No. 1-2 at 9-43.] Defendants do not allege in their Response or their Notice of Removal that the Operating Agreement evidences a transaction in interstate commerce, as would be required to bring it within the ambit of the FAA. *See Allied-Bruce Terminix Companies, Inc. v. Dobson*, 513 U.S. 265 (1995) (discussing exhaustively the meaning of "evidencing a transaction involving" interstate commerce under the FAA); *see, e.g., Saneii v. Roberts*, 289 F. Supp. 2d 855, 858 (W.D. Ky. 2003) (concluding that FAA did not apply because residential real estate sales contract did not evidence a transaction involving interstate commerce). Nothing from the face of the Operating Agreement makes clear that it involves interstate commerce, and neither Dr. Arthur's state-court Application, or the briefing in support, alleges an involvement with interstate commerce or that the FAA applies. Dr. Arthur filed his state-court Application pursuant only to Indiana Code § 34-57-2-3(a), and that Application and its supporting brief rely solely on the cited provision of the Indiana Uniform Arbitration Act as the source of law conferring a right to arbitration. [Filing No. 1-2 at 74-84.]

---

[1] The Court may view any evidence submitted beyond the jurisdictional allegations within a complaint to determine whether the Court has subject matter jurisdiction over a claim. *See Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 444 (7th Cir. 2009). The Operating Agreement specifies that Evansville Anesthesia Associates, LLC was organized under the laws of the State of Indiana by the filing of Articles of Organization for the Company pursuant to the Indiana Business Flexibility Act. [Filing No. 1-2 at 15.]

In short, it is not obvious that the FAA applies to this arbitration agreement, and Defendants provide no explanation or argument as to why it might. They simply assume that it does. If the FAA provides the basis for this Court's jurisdiction, Defendants bear the burden of establishing that to a "reasonable probability," or a preponderance of the evidence. *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 542 (7th Cir. 2006). And this Court always has a responsibility to ensure that it has jurisdiction. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009). This Court may not rely on Defendants' conclusory statements as to this Court's jurisdiction, and while the Court cannot conclude that the FAA does not apply to the Operating Agreement at issue, Defendants have not established with any reasonable probability that it does.

But even assuming that the FAA applies generally, the provision relied upon by Defendants governs procedural circumstances that are far afield from those present here. Defendants do not address this issue in their Response, and the cases they cite do nothing to clarify it. As described above, Section 4 of the FAA permits a party aggrieved by another party's refusal to arbitrate to file a petition to compel arbitration in federal district court. 9 U.S.C. § 4. Applying that language to the current dispute, Section 4 would allow Dr. Arthur, the aggrieved party, to file a petition in federal court to compel arbitration. But that has not happened here; there is no Section 4 petition. Dr. Arthur has instead sought relief in state court under a state arbitration statute. This matter is in federal court only because Defendants (the parties refusing to arbitrate) have attempted to remove it here. Defendants have provided no explanation as to how a right conferred on Dr. Arthur under Section 4 applies instead to them. Nor have they argued or provided any support for the proposition that their removal of Dr. Arthur's state-court Application somehow transforms his state-court complaint into a federal Section 4 petition.

Defendants contend in their Response that *Vaden v. Discover Bank* establishes that "when a claim proposed to be arbitrated arises under federal law, a federal court has subject-matter jurisdiction on a petition to compel *or forbid* arbitration." [Filing No. 23 at 2 (emphasis added) (citing *Vaden v. Discover Bank*, 556 U.S. 49 (2009)).] That case involved a Section 4 petition filed in federal court by the party seeking arbitration. The Supreme Court, in evaluating whether a federal court has jurisdiction to entertain such a petition, addressed the fact that the FAA does not itself confer federal subject-matter jurisdiction. Instead, it confers jurisdiction only where "the court would have jurisdiction save for the arbitration agreement over a suit arising out of the controversy between the parties." *Vaden*, 556 U.S. at 52. The court concluded that in order for a court to determine whether it would have jurisdiction "save for" the agreement, it should "look through" the petition to the underlying controversy: if it would have jurisdiction over the underlying controversy, then it can exercise jurisdiction over the arbitration petition. *Id.* at 53-54.

Contrary to Defendants' assertion, *Vaden* did not consider or discuss a circumstance in which there was no Section 4 petition, and it did not address circumstances in which a non-aggrieved party sought to "forbid" arbitration by the aggrieved party. None of the other cases cited by Defendants address those circumstances, either. *See Magruder v. Fid. Brokerage Servs. LLC*, 818 F.3d 285 (7th Cir. 2016) (concluding that a federal court does not have subject-matter jurisdiction to review or enforce an arbitration award); *TenBrink v. Toshiba Am. Med. Sys.*, 2013 WL 3071276 (S.D. Ind. 2013) (finding subject-matter jurisdiction over a Section 4 petition where arbitration agreement involved interstate commerce); *Hospira, Inc. v. Therabel Pharma N.V.*, 2013 WL 3811488 (finding subject-matter jurisdiction under Declaratory Judgment Act and FAA where plaintiff moved for declaratory judgment based on anticipated FAA petition from defendant).

Defendants have provided no basis upon which this Court could conclude that Section 4 applies to them, a non-aggrieved party seeking to prevent arbitration where there is no Section 4 petition.

Based on the deficiencies in Defendants' Notice of Removal, the Court afforded them the opportunity to show with reasonable probability that this Court possesses subject-matter jurisdiction over the instant matter. For the reasons described above, the Court concludes that Defendants have not done so. The Court takes its obligation to ensure subject-matter jurisdiction seriously, and accordingly it **ORDERS** that this matter be **REMANDED** to the Vanderburgh Circuit Court.

Date: 8/15/2018

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**